UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DAVIS,

                 Petitioner,                Case Number 15-13890
                                                     Honorable David M. Lawson

v.

PEOPLE OF THE STATE OF MICHIGAN,

                 Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

       Andre Davis seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254, related to his plea-based conviction for felonious assault. Mich. Comp. Laws § 750.82. The sentence and term of probation for that conviction expired February 21, 2014, when the petitioner was discharged unconditionally from probation. *See* Motion and Order for Discharge from Probation, ECF No. 1, Pg. ID 19. The petitioner argues that he suffers collateral consequences from that conviction because he is required to register as a sex offender under Michigan's sex offender reporting statute, contrary to the terms of his plea agreement. The petitioner is no longer in custody pursuant to the state-court judgment challenged in this petition, and the requirement that he register as a sex offender does not satisfy the in-custody requirement for federal habeas corpus relief under section 2254. Therefore, the Court must dismiss the petition.

I.

       According the docket sheet that is publicly available in the Genesee County, Michigan circuit court, the petitioner was charged with three counts of second-degree criminal sexual conduct, and two counts of first-degree criminal sexual conduct. *See People v. Davis*, No. 06-019088 http://www.co.genesee.mi.us/roaccsinq/default.aspx (last accessed Jan. 8, 2016). On January 27,

2009, the prosecutor agreed to amend one second-degree criminal sexual assault charge to felonious

assault and dismiss the remaining charges in exchange for the petitioner's plea of no contest to

felonious assault. The petitioner also agreed to sign a direct release of his parental rights. The plea

agreement also included a sentence agreement that the petitioner would be sentenced to one year in

the county jail and five years' probation.

On February 20, 2009, the petitioner was sentenced to time served and five years probation.

He was also ordered to register as required under the Michigan Sex Offenders Registration Act,

Mich. Comp. Laws §§ 28.721, *et seq.* The petitioner filed an application for leave to appeal in the

Michigan Court of Appeals. The Michigan Court of Appeals remanded the case to the sentencing

court for amendment of the judgment of sentence to include its determination that the petitioner was

sentenced for an offense falling within the Sex Offenders Registration Act. The application for

leave to appeal was denied in all other respects. *People v. Davis*, No. 298336 (Mich. Ct. App. July

9, 2010). The Michigan Supreme Court denied the petitioner's application for leave to appeal.

*People v. Davis*, No. 141528, 488 Mich. 915 (Mich. Oct. 26, 2010).

The petitioner was discharged from probation on February 21, 2014. *See* Motion and Order

for Discharge from Probation, ECF No. 1, Pg. ID 19.

## II.

When a habeas corpus petition is filed, the Court must examine the petition promptly to

determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court

determines that the petitioner is not entitled to relief, the Court must dismiss the petition summarily.

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (observing that "[f]ederal courts are authorized to

dismiss summarily any habeas petition that appears legally insufficient on its face"). A petition may be summarily dismissed where the allegations are so "vague (or) conclusory" that they do not "point to a real possibility of constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 76 (1977) (internal citations omitted). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (internal citations omitted); *see also Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) ("A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed.").

To qualify for habeas corpus relief under 28 U.S.C. § 2254, a person must be "*in custody* pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a) (emphasis added). *Gillispie v. Warden, London Corr. Inst.*, 771 F.3d 323, 328 (6th Cir. 2014). The "in custody" provision is characterized as a jurisdictional requirement. *Ibid.*; *see also Maleng v. Cook*, 490 U.S. 488, 490, 494 (1989). The petitioner "must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91 (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)). The petitioner's sentence and probation for his conviction expired in February 2014, when he was discharged from probation. He, therefore, is no longer in custody for that expired conviction.

The petitioner argues that he suffers from collateral consequences in the form of the requirement that he register as a sex offender. And it is true that a habeas petitioner need not be physically confined to satisfy the "in custody" requirement of section 2254. *See Jones v. Cunningham*, 371 U.S. 236 (1963) (holding that a prisoner who had been placed on parole was still "in custody" under his unexpired sentence). On the other hand, the collateral consequences of a

conviction, such as loss of "the ability 'to vote, engage in certain businesses, hold public office, or serve as a juror,' are . . . insufficient to satisfy the 'in custody' requirement for habeas jurisdiction." *Leslie v. Randle*, 296 F.3d 518, 522 (6th Cir. 2002) (quoting *Maleng*, 490 U.S. at 491-92).

Sex offender registration obligations are more like a conviction's collateral consequences than the restraint on liberty imposed by, for example, parole. The Sixth Circuit so held in *Leslie v. Randle*, 296 F.3d at 522, considering Ohio's sexual-predator registration statute. The court based its conclusion on these characteristics of the Ohio law: it places no constraints on a registrant's freedom of movement; a registrant is not required to obtain prior approval before moving to a different community or residence; a registrant's freedom is not conditioned on the ability to obtain and maintain employment; nor is the registrant prohibited from engaging in any legal activities. *Ibid.* The court viewed the Ohio statute as "remedial as opposed to punitive in nature." *Ibid.* The Court concluded, therefore, that the provisions of the sexual-predator act are "more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole," and, the reporting requirements, therefore, do not satisfy the "in custody" requirement of section 2254. *Id.* at 522-23; *see also United States v. Cottle*, 355 F. App'x 18, 20-21 (6th Cir. 2009) (holding that a requirement to register as a sex offender is a collateral, not a direct, consequence of a guilty plea and thus a defendant need not be informed about the requirement before pleading guilty); *Blumenthal v. Curley*, No. 2013 WL 7141279, *2 (6th Cir. Apr. 1, 2013) (denying habeas petitioner's claim that his guilty plea was invalid because he was not informed of Michigan's sex offender registration requirements prior to pleading guilty on the ground that the requirement was a collateral consequence of the plea).

Michigan's Sex Offenders Registration Act is similar to Ohio's in that it is remedial and not punitive in nature. *People v. Tucker*, --- N.W.2d ---, 2015 WL 6034552 (Mich. Ct. App. Oct. 15, 2015) ("We have repeatedly held that sex offender registration does not constitute punishment because the registry is designed to protect the public rather than punish the offender."). Because the petitioner is no longer in custody for the felonious assault conviction, and the registration requirements of Michigan's sex offender statute are a collateral consequence of a conviction rather than a restraint on liberty, the petitioner has failed to satisfy the "in custody" requirement of section 2254.

III.

The petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a). Therefore, the Court does not have jurisdiction to adjudicate his petition for a writ of habeas corpus.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 8, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 8, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI

---